## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

RAMON REYES VEGA,

              Plaintiff,                CASE NO.:

vs.

CLASSIC LAWNS OF COLLIER, INC., a
Florida Corporation, MELIZA TERRERO,
an Individual, and MANUEL TERRERO,
an Individual,

_____Defendants._____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAMON REYES VEGA, ("Plaintiff"), files this Complaint against Defendant, CLASSIC LAWNS OF COLLIER, INC., a Florida Limited Liability Company, MELIZA TERRERO, an Individual, and MANUEL TERRERO, an Individual (collectively "Defendants") and states as follows:

## JURISDICTION

1.      Jurisdiction in this Court is proper as this is a claim for Unlawful Retaliation and Unpaid Wages brought pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid back wages, overtime wages, an additional equal amount in liquidated damages, front pay, compensatory damages and punitive damages; and to recover reasonable attorneys' fees and costs.

2.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3.      At all times material to this action, Plaintiff was a resident of Collier

County, Florida.

4.      At all times material to this action, CLASSIC LAWNS OF COLLIER, INC. ("Classic Lawns") was, and continues to be, a Florida Corporation.

5.      Based on information and belief, at all times material hereto, Defendant, MELIZA TERRERO, was an individual resident of the State of Florida, Collier County.

6.      At all times material hereto, Defendant, MELIZA TERRERO, was one of the owners of CLASSIC LAWNS OF COLLIER, INC., and regularly exercised the authority to: (a) hire and fire employees of CLASSIC LAWNS OF COLLIER, INC.; (b) determine the work schedules for the employees of CLASSIC LAWNS OF COLLIER, INC.; and (c) control the operations of CLASSIC LAWNS OF COLLIER, INC.

7.      By virtue of her role as one of the owners of CLASSIC LAWNS OF COLLIER, INC., who regularly exercised the authority to: (a) hire and fire employees of CLASSIC LAWNS OF COLLIER, INC.; (b) determine the work schedules for the employees of CLASSIC LAWNS OF COLLIER, INC.; and (c) control the operations of CLASSIC LAWNS OF COLLIER, INC., Defendant, MELIZA TERRERO, is an employer as defined by 29 U.S.C. §201, et seq.

8.      Based on information and belief, at all times material hereto, Defendant, MANUEL TERRERO, was an individual resident of the State of Florida, Collier County.

9.      At all times material hereto, Defendant, MANUEL TERRERO, was one of the owners of CLASSIC LAWNS OF COLLIER, INC., and regularly exercised the authority to: (a) hire and fire employees of CLASSIC LAWNS OF COLLIER, INC.; (b) determine the work schedules for the employees of CLASSIC LAWNS OF COLLIER, INC.; and (c) control the operations of CLASSIC LAWNS OF COLLIER, INC.

10. By virtue of his role as one of the owners of CLASSIC LAWNS OF COLLIER, INC. who regularly exercised the authority to: (a) hire and fire employees of CLASSIC LAWNS OF COLLIER, INC.; (b) determine the work schedules for the employees of CLASSIC LAWNS OF COLLIER, INC.; and (c) control the operations of CLASSIC LAWNS OF COLLIER, INC., Defendant, MANUEL TERRERO, is an employer as defined by 29 U.S.C. §201, et seq.

11. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

12. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

14. Defendants were and continue to be, "employers" within the meaning of the FLSA.

15. At all times material to this action, Defendant, CLASSIC LAWNS OF COLLIER, INC., was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

16. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

17. At all times material to this action, Defendants had two (2) or more employees regularly handling, selling, or otherwise working on goods or materials that

3

had been moved in or produced for commerce, including, but not limited to, lawn maintenance equipment.

18.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

19.     On or about March 2011, Defendants hired Plaintiff to work as a non-exempt hourly-paid "driver/laborer" working for Defendants' lawn maintenance company.

20.     Plaintiff's job duties included, but were not limited to, driving and picking up trees, and lawn debris, trimming and cutting trees.

21.     At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

22.     From at least March 2011, and continuing through November 2014, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

23.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

24.     Plaintiff complained to Defendants about Defendants' illegal pay practices and informed that he had to be paid for his overtime or he would not be able to continue to work.

25.     Immediately thereafter, in November 2014, Defendants retaliated against Plaintiff by terminating his employment.

26.     Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

27.     Defendants have violated Title 29 U.S.C. §207 from at least March 2011, and continuing through November 2014, in that:

a.     Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

b.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

c.     Defendants have failed to maintain proper time records as mandated by the FLSA.

28.     Defendants have violated Title 29 U.S.C. §215(a)(3) in that they have discriminated and retaliated against Plaintiff for exercising his rights under the FLSA.

29.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

30.     Defendants' retaliatory conduct against Plaintiff for complaining about Defendants' pay practices was willful.

31.     Defendants failed and/or refused to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

32.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its

services.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

33.     Plaintiff re-alleges paragraphs 1 through 32 of the Complaint, as if fully set forth herein.

34.     From at least March 2011 and continuing through November 2014, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

35.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

36.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

37.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

38.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

39.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

6

40.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor, and against Defendants for actual and liquidated damages, declaratory relief as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## RETALIATION IN VIOLATION OF §215(a)(3)

41.     Plaintiff realleges and incorporates paragraphs 1 through 32 of the Complaint as if fully set forth herein.

42.     In November 2014, Plaintiff complained verbally to Defendants that Defendants' practice of failing to pay overtime for hours worked over 40 was illegal, and that they had to pay him for his overtime.

43.     As a result, Plaintiff's employment was terminated immediately thereafter.

44.     Defendants have discriminated and retaliated against Plaintiff because he complained about Defendants' unlawful pay practices, in violation of 29 U.S.C. §215(a)(3).

45.     Defendants' retaliatory and discriminatory conduct towards Plaintiff was willful as Defendant knew or should have known that its actions were in violation of 29 U.S.C. §215(a)(3).

46.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

47.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff seeks a judgment for Plaintiff and against Defendants for

violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 3rd day of April, 2015.

Respectfully submitted,

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*